UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK GRAHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06-CV-151-SNL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application Frederick Graham for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Background

On June 22, 2001, after pleading guilty to one count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), petitioner was sentenced to sixty months' imprisonment.

### Discussion

**Application under 28 U.S.C. § 2241**

Petitioner seeks relief from his sentence on the grounds that he received ineffective assistance of counsel, his confession was coerced, his guilty plea was involuntary, he was subject to double jeopardy, and the prosecution failed to disclose evidence favorable to him.

Because petitioner is challenging the constitutionality of his conviction, he may not proceed under 28 U.S.C. § 2241. The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that remedy by § 2255 motion

is inadequate or ineffective. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not inadequate merely because § 2255 relief has already been denied.[1] Id. As such, the Court will dismiss the instant § 2241 application.

**Application construed as a motion under 28 U.S.C. § 2255**

The Court will liberally construe the instant application as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The Court's records show that petitioner previously brought a motion for relief under 28 U.S.C. § 2255, which was denied as time-barred. See Graham v. United States, No. 4:05-CV-567-SNL (E.D. Mo).

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. At the latest, petitioner's one-year limitations period began to run on or about July 2, 2001, which was when his time for filing a notice of appeal expired. The instant action, however, was filed on February 1, 2006, well after the running of the one-year limitations period. Because the instant motion is time-barred and petitioner has made no argument for equitable tolling, the Court will summarily dismiss this action.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**.

An appropriate order will accompany this memorandum and order.

Dated this 17th day of march, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**